# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARIUS DISMUKE,**

    **Petitioner,**

    **v.**                                                                    **Case No. 18-CV-1741**

**AVERY McKENZIE,**

    **Respondent.**

## RECOMMENDATION FOR DISMISSAL OF PETITION

Darius Dismuke, who is currently incarcerated at the Franklin County House of Correction, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket # 1.) Dismuke also moves for leave to proceed without prepaying the $5.00 filing fee applicable to § 2241 petitions. (Docket # 2.) Dismuke has also included his prison trust account statement. (Docket # 5.)

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Upon review of Dismuke's affidavit and his prison account statement showing a current balance of $0.42, Dismuke has insufficient assets to pay the $5.00 filing fee. Accordingly, Dismuke's motion to proceed without prepayment of the filing fee (Docket # 2) is granted.

Pursuant to Rule 1(b) of the Rules Governing § 2254 Cases, I can apply Rule 4 of such rules, providing for a prompt preliminary review of petitions for habeas corpus, to this case. Section

2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Dismuke is a pretrial detainee, thus, he properly sought relief under § 2241. Dismuke challenges ongoing proceedings in Milwaukee County Circuit Court Case No. 18CF2861. (Docket # 1 at 4.) Dismuke alleges that he is unlawfully detained because he was never provided with his probable cause statement, he was not given a probable cause hearing within 48-hours of his arrest, the police lack evidence of his guilt, and his bail is excessive. (*Id.* at 10–12.)

While § 2241 allows a pretrial detainee to bring a habeas corpus petition, this ability is limited by the desire of federal courts not to interfere with pending state criminal prosecutions except in special circumstances. *Hall v. Malcomson*, No. 17-CV-726-JPS, 2017 WL 2533392, at *3 (E.D. Wis. June 9, 2017). The general rule is that a pretrial detainee must proceed with his claims through the regular state criminal proceedings, and may raise claims through a 28 U.S.C. § 2254 federal habeas corpus petition only after a state conviction. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). But an exception is made for claims that must be addressed by the federal court prior to a state conviction in order to prevent them from becoming moot. *Id.* Speedy trial and double jeopardy claims are two recognized exceptions allowed to proceed under § 2241. *Id.* Habeas corpus relief (under both § 2241 and § 2254) is limited to questions of federal law; relief is unavailable for errors of state law. *Estelle v. McQuire*, 502 U.S. 62, 67 (1991). Finally, pretrial detainees raising permissible federal claims under § 2241 must exhaust those claims first through available state court proceedings. *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991) (stating that while § 2241 applicants are

not subject to the statutory requirement of exhaustion of remedies, "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ").

Dismuke's case is still pending in Milwaukee County Circuit Court. Trial is scheduled for February 4, 2019. Consolidated Court Automation Programs (CCAP), WI Circuit Court Access for Milwaukee County, Case No. 2018CF2861, at http://wcca.wicourts.gov (last visited Nov. 16, 2018). A review of CCAP shows that Dismuke has filed multiple motions for bail reduction and his bail was in fact reduced. Dismuke has not shown that he is unable to file another bail motion in state court if he continues to challenge the circuit court's decision. Dismuke has also filed a motion to suppress that has not yet been ruled on. Thus, Dismuke has not yet exhausted his state court remedies as to all of his claims. Further, Dismuke does not present claims such as speedy trial or double jeopardy that must be addressed by the federal court prior to a state conviction in order to prevent them from becoming moot. As such, Dismuke has not presented any exceptional circumstances to justify interfering with his ongoing state criminal proceedings. For these reasons, it is recommended that Dismuke's § 2241 petition be dismissed.[1]

A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009) (a certificate of appealability is required in a § 2241 case where custody stems from process issued by the judicial branch—as opposed to the executive branch—of the state). Because no reasonable jurists would debate that Dismuke has not exhausted

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Dismuke's petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

his state court remedies or raised exceptional circumstances to justify interfering with his state criminal proceedings, I recommend denial of a certificate of appealability.

**NOW, THEREFORE, IT IS RECOMMENDED** that Dismuke's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a certificate of appealability be **DENIED**.

**IT IS ORDERED** that Dismuke's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 16th day of November, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge